United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>DANIEL CHAVEZ, et al.,<br>  Defendants. | Case No.15-cr-00285-LHK-1 (VKD)<br><br>**ORDER RE MOTION TO REVIEW AND MODIFY DETENTION CONDITIONS**<br><br>Re: Dkt. No. 542, 542-1 |

Defendant Daniel Chavez moves to modify the conditions of his pre-trial detention. Dkt. No. 542. Specifically, he asks the Court to order that he be permitted more time outside of his cell for exercise and other personal needs. In aid of this request, Mr. Chavez asks the Court to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) and Criminal Local Rule 17-2 directing the Alameda County Sheriff's Office ("the ACSO") to produce records showing his housing and movement. Dkt. No. 542-1.

The Court held a hearing on Mr. Chavez's motion on November 28, 2018. Dkt. No. 614. In addition to the United States and Mr. Chavez, the ACSO specially appeared at the hearing. Having considered the moving papers and the arguments made at the hearing, the Court grants Mr. Chavez's request for issuance of a subpoena, but denies without prejudice his request for an order modifying the conditions of his detention.

**I.    DISCUSSION**

Mr. Chavez has been in federal custody awaiting trial since January 2016. He is presently detained at the Glenn Dyer Detention Facility operated by the ACSO under contract with the United States Marshals Service. Dkt. No. 542 at 2; Dkt. No. 615. At Glenn Dyer, Mr. Chavez has been placed in administratively segregated housing and confined to his cell for at least 23 hours

per day. Dkt. No. 542 at 2. On the days he is permitted out of his cell, Mr. Chavez says the jail allows only one hour of outside-cell time. Mr. Chavez asserts he receives as few as four hours total time outside of his cell per week, and that the conditions of his pre-trial confinement do not meet even the minimum requirements for *convicted* inmates, let alone pre-trial detainees. *Id.* at 1, 3–5.

Mr. Chavez relies on Rule 46(h)(1) of the Federal Rules of Criminal Procedure, which directs the Court to "supervise detention within the district of any defendants awaiting trial and any person held as material witnesses." He also notes that another judge in this District granted relief under similar circumstances in *United States v. Larez*, No. 12-cr-0792-YGR, Dkt. No. 178 (N.D. Cal. July 2, 2013). Mr. Chavez wishes to subpoena records from the Glenn Dyer facility to show that he is not being permitted sufficient time outside his cell and to support his request for an order modifying the conditions of his detention.

The United States does not dispute that pre-trial detainees, such as Mr. Chavez, are entitled to a constitutionally sufficient amount of time outside of their cells, and that at a minimum, Mr. Chavez should be afforded time outside of his cell for personal hygiene and exercise that is mandated by federal regulations for *convicted* inmates in administrative segregation in Bureau of Prisons facilities. Dkt. No. 542 at 3–4; Dkt. No. 615. However, the United States objects that Mr. Chavez's motion to modify the conditions of his detention is improper because a challenge to such conditions may only be raised in a separate civil action, and not by motion in a criminal proceeding. Dkt. No. 552 at 2 (citing 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

The Ninth Circuit has not directly addressed whether there are any circumstances in which a federal pre-trial detainee may challenge conditions of pre-trial detention by filing a motion in his pending criminal case, instead of bringing a separate civil action. However, other courts have concluded that a district court has authority to issue orders directed to conditions of pre-trial detention only where those conditions interfere with a criminal defendant's Sixth Amendment right to effective assistance of counsel. *See United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257 (D.N.M. June 22, 2017); *United States v. Wade*, No. 3:07-cr-00111-RRB-JDR, 2009 WL

3837151 (D. Alaska Nov. 13, 2009); *United States v. Williams*, No. 3:09-cr-00090, 2009 WL 4824940 (M.D. Tenn. Oct. 26, 2009); *United States v. Luong*, No. CR 99-433 WBS GGH, 2009 WL 2852111 (E.D. Cal. Sept. 2, 2009); *United States v. Ramirez-Robles*, No. 06-cr-00485-MSK, 2007 WL 2021852 (D. Colo. July 11, 2007); *United States v. Arnaout*, No. 02 CR 892, 2002 WL 31744654 (N.D. Ill. Dec. 6, 2002) (citing *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137 (7th Cir. 1995)).

The problem here is that Mr. Chavez has not shown that the conditions of his detention implicate his right to effective assistance of counsel. He makes only passing reference to the impact of his detention on his ability to assist his counsel in preparing his defense. Dkt. No. 542 at 3 ("And as a practical matter, his current conditions of confinement are detrimental to his psychological and physical well-being to the point that they interfere with his ability to meaningfully assist counsel in this capital case."). Mr. Chavez does not argue—and the Court is not aware of any authority—that a failure to provide a detainee with a constitutionally sufficient amount of time outside of his cell *necessarily* implicates his Sixth Amendment rights, as opposed to his Eighth Amendment rights. Rather, Mr. Chavez must offer evidence to support a challenge, by motion, to his conditions of detention. As the district court in *Wade* observed:

> Acknowledging that the Court does have jurisdiction to consider whether the conditions of Mr. Wade's confinement prevent him from aiding his attorneys in his defense and obtaining a fair trial, Mr. Wade must proffer some evidence to show that he is, in fact, unable to effectively assist counsel due to the conditions of his confinement. The burden of proof is on the moving party. Defendant must do more than offer conclusory statements that the conditions of his confinement are affecting his mental state and, therefore, his ability to assist counsel. To merely state that Defendant is suffering from his confinement is not sufficient to meet Defendant's burden of going forward and to trigger an evidentiary hearing.

2009 WL 3837151 at *1.

The Court recognizes that Mr. Chavez may not be able to meet his burden to provide evidence in the absence of records reflecting the time he has been permitted outside his cell. While the Court believes it has authority to order the government to obtain those records by virtue of the fact that Mr. Chavez is being held in federal custody, the records may also be obtained by subpoena from the ACSO.

## II. CONCLUSION

For the reasons explained above, the Court denies without prejudice Mr. Chavez's motion for an order modifying his conditions of pre-trial detention. The Court grants Mr. Chavez's request for a subpoena to the ACSO for records of his housing and movement.

Mr. Chavez shall submit for the Court's signature a subpoena to the ACSO, substantially in the form of the subpoena filed as Dkt. No. 542-2, but with a return date that permits a reasonable amount of time for compliance.

**IT IS SO ORDERED.**

Dated: November 30, 2018



VIRGINIA K. DEMARCHI
United States Magistrate Judge