UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DANIEL CHAVEZ, et al.,<br>Defendants. | Case No. 15-cr-00285-LHK-1 (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS**<br>Re: Dkt. No. 758 |

Defendant Daniel Chavez moves for an order authorizing issuance of subpoenas directing the pre-trial production of documents pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Dkt. No. 758. Mr. Chavez seeks production of documents concerning evidence (or lack thereof) of his alleged gang membership, uncharged crimes he is alleged to have committed, and any statements that he has given. The proposed subpoenas are directed to thirteen local law enforcement agencies, one local probation department, and the California Department of Corrections and Rehabilitation ("CDCR"). The United States opposes the motion. Dkt. No. 760.

The Court conducted a hearing on Mr. Chavez's motion on October 31, 2019. Dkt. No. 766. Based on the parties' submissions and arguments at the hearing, the Court concludes that Mr. Chavez may serve a documents subpoena on each of the identified agencies, so long as he describes the documents sought with greater specificity.

## I. BACKGROUND

Mr. Chavez is charged in a superseding indictment with multiple counts, including racketeering, conspiracy, murder, attempted murder, robbery, and assault, arising from a criminal enterprise involving Salinas-based street gangs affiliated with the *Nuestra Familia* prison gang.

Dkt. No. 40 ¶¶ 6-15. The government contends that Mr. Chavez is the squad leader of the criminal enterprise. *Id.* ¶ 17. In addition to the specific criminal acts charged against him in the superseding indictment, the government has provided notice to Mr. Chavez's counsel of approximately 130 other criminal acts—including murder, attempted murder, and armed robbery, dating back to February 10, 2003—that it may seek to prove at the time of trial. Dkt. No. 758 at 5. The government also has indicated its intent to seek the death penalty if Mr. Chavez is convicted. *See* Dkt. No. 738 at 7–8 (setting deadlines for disclosure of evidence supporting aggravating factors for death penalty and motion practice related to application of death penalty to Mr. Chavez).

During the course of proceedings in this case, the government has identified a number of state and local law enforcement and other agencies that may have information relevant to this case. However, the government has taken the position that these entities are not part of the prosecution team, and none has been designated as investigative agency assisting the government in this case. Accordingly, the United States Attorney's office states that it assumes no obligation to obtain information from any of these entities or to produce such information as part of its discovery responsibilities. *See* Dkt. No. 123 at 2; Dkt. No. 766.

In view of the government's position, Mr. Chavez seeks permission to serve Rule 17(c) document subpoenas seeking the following categories of documents from a number of state and local agencies:

> Any and all documents and materials, however kept, in the possession of the [insert named entity] regarding Daniel Chavez (date of birth: 12/17/1981), Social Security number [redacted], California Driver's License No. [redacted] and that specifically:
>
> 1) Relate to Daniel Chavez's alleged membership in any of the following entities:
>    *Nuestra Familia*
>    *Norteños*
>    East Las Casitas (ELC)
>    Salinas East Market (SEM)
>    Santa Rita
>
> 2) Relate to any and all crimes that the [insert named entity] contends were committed by Daniel Chavez in the jurisdiction covered by [that entity] from the period of February 10, 2003 to the present day.

3) Relate to any statements made by Daniel Chavez to [insert named entry], whether oral or written, including any and all such statements.

4) In the event that a privilege is asserted for any materials that might be responsive to items (1) through (3), a privilege log providing a description of the materials and a citation to the claimed privilege.

Dkt. No. 758 at 2–3. Mr. Chavez wishes to serve a subpoena with these document requests on each of the following entities:[1]

1. Alameda County Sheriff's Office
2. California Department of Corrections and Rehabilitation
3. Capitola Police Department
4. Del Rey Oaks Police Department
5. Gilroy Police Department
6. Hollister Police Department
7. Monterey County Probation Department
8. Monterey County Sheriff's Office
9. Salinas Police Department
10. San Jose Police Department
11. Santa Clara County Sheriff's Office
12. Santa Cruz County Sheriff's Office
13. Santa Maria Police Department
14. Turlock Police Department
15. Watsonville Police Department

*Id.* at 3.

The government objects to the service of all of the proposed subpoenas. Dkt. No. 760.

## II. DISCUSSION

### A. The Government's Standing

Although Mr. Chavez does not press the issue, the Court first considers whether the United

---

[1] Mr. Chavez advises that the proposed subpoena to the Monterey County Probation Department will not include a request for item (2).

3

States has standing to object to the issuance of the proposed subpoenas. The Court concludes that it does not.

The government asserts that it has an interest in protecting the spirit of cooperation between local and federal law enforcement. Dkt. No. 760 at 3. The government does not explain how such an interest is implicated in this case, given that the government insists that it is not actively cooperating with any of the agencies in the investigation or prosecution of this matter—at least not to the extent that would trigger the government's discovery obligations under Rule 16(a). The government relies on *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995) to support its standing argument, but that case is distinguishable. In *Jenkins*, the district court found that the government had an interest in protecting an alleged rape victim (a witness in the case) from undue harassment, and therefore possessed standing to move to quash a subpoena for the victim's medical records. No such interest is implicated here.

The government also asserts that it has an interest in ensuring that Rule 17(c) is not abused. However, the government cites no authority for its argument that such an interest confers standing, and at least two judges in this district have concluded that it does not. *See United States v. Johnson*, No. 14-cr-00412, 2014 WL 6068089 at *3 (N.D. Cal. Nov. 13, 2014); *United States v. Ortiz*, No. 12-cr-00119, 2013 WL 6842559 at *2–3 (N.D. Cal. Dec. 27, 2013).

Although the United States lacks standing to object to the issuance of the subpoenas, the Court will still evaluate whether the subpoenas meet the requirements of Rule 17(c). *See Jenkins*, 895 F. Supp. at 1395 (observing that "the need for the court's approval of pretrial production of documents weighs heavily in favor of requiring all parties to apply with the court for subpoenas" sought under Rule 17(c)).

**B. Proposed Document Subpoenas**

Rule 17(c) permits the issuance of a subpoena for the production of documents in advance of trial. Fed. R. Crim. P. 17(c). It is not intended to provide a means for obtaining broad discovery in criminal cases. Rather, Rule 17(c) subpoenas may be used to obtain pretrial production of evidence when the moving party can show that the documents are (1) relevant, (2) admissible, and (3) specifically described. *United States v. Nixon*, 418 U.S. 683, 699 (1974).

Mr. Chavez persuasively argues that the documents he seeks concerning his alleged role in *Nuestra Familia* and its associated gangs, other uncharged crimes related to the alleged criminal enterprise, and statements made by Mr. Chavez himself are relevant and admissible in both the guilt and penalty phases of this prosecution, particularly in view of the government's stated intention to seek the death penalty. *See* Dkt. No. 758 at 7, 10–11; Dkt. No. 761 at 6–7. In addition, Mr. Chavez points to specific information already obtained during his counsel's investigation of the case that suggests at least one of the agencies at issue has exculpatory information that the government has not produced in discovery. *See* Dkt. No. 758 at 6. In other words, Mr. Chavez has established that the proposed subpoenas are not merely a "fishing expedition." *See Nixon*, 418 U.S. at 699–700.

However, the documents sought in the proposed subpoenas are not described with the specificity *Nixon* requires, as items (1)-(3) rely on the formulation "any and all documents . . . that relate to" a particular subject matter. Such a formulation does not describe the documents sought with sufficient particularity so that the responding agencies can identify the specific material requested. As discussed at the hearing, these items can and should be described with greater specificity.[2]

## III. CONCLUSION

For the reasons described above, the Court concludes that Mr. Chavez may serve subpoenas on the fifteen state and local agencies identified above, so long as he describes the documents sought in items (1)-(3) with greater specificity. Mr. Chavez shall submit his revised proposed subpoenas to the Court for review and approval, with a proposed return date that permits a reasonable amount of time for compliance. The subpoenas shall specify that responsive documents shall be produced to the Court. Fed. R. Crim. P. 17(c)(1).

Any party may object to this non-dispositive order pursuant to Rule 59(a) within 14 days. Failure to object waives a party's right to review.

---

[2] The Court notes that the United States has itself sought and obtained a court order to serve Rule 17(c) subpoenas on several state and local agencies, where the subpoenas use similarly broad formulations. *See* Dkt. No. 621 at 4. Given the government's own efforts to obtain information from third parties, its present objections to Mr. Chavez's proposed subpoenas ring hollow.

**IT IS SO ORDERED.**

Dated: November 12, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge