UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHAVEZ, et al.,<br><br>Defendants. | Case No. 15-cr-00285-LHK-1  (VKD)<br><br>**ORDER RE UNITED STATES'<br>MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 779 |

The United States asks the Court to reconsider its November 12, 2019 order granting in part and denying in part defendant Daniel Chavez's motion for authorization to serve document subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) on fifteen non-party state and local agencies (Dkt. No. 769). Dkt. No. 779. In that order, the Court concluded that Mr. Chavez had articulated a basis for obtaining documents concerning his alleged role in the criminal enterprise charged in the superseding indictment, the 129 uncharged criminal acts on which the United States intends to rely at trial, and Mr. Chavez's own statements. Dkt. No. 769 at 4–5. However, the Court concluded that Mr. Chavez's document requests were not sufficiently specific with respect to those matters. *Id.* at 5. The Court ordered Mr. Chavez to submit revised proposed subpoenas to the Court for review and approval. *Id.*

In its November 27, 2019 motion, the United States cites the following grounds for reconsideration:

1. The Court erred in concluding that the proposed subpoenas met the requirement of relevant and admissible evidence under *United States v. Nixon*, 418 U.S. 683, 699 (1974);

2. The Court erred in permitting the proposed subpoenas to encompass statements of witnesses, particularly "insider" witnesses; and

3. The Court erred in concluding that the United States lacks standing to object to issuance of subpoenas to non-parties, and even if the Court did not err, the United Stated should be permitted to object to issuance of the revised subpoenas, regardless of standing.

Dkt. No. 779. Mr. Chavez opposes the United States' request for reconsideration as improper under the applicable local rule and on the merits. Dkt. No. 786.

Having considered the parties' submissions and for the reasons explained below, the Court declines to modify its prior conclusions or its principle directive to Mr. Chavez regarding submission of revised subpoenas for review and approval. However, the United States' concern regarding protection of insider witnesses is well-taken, and the Court takes this opportunity to further address that issue.

## I. DISCUSSION

### A. Relevant and Admissible Evidence

On Mr. Chavez's original motion, the Court concluded he had made a sufficient showing that the state and local entities he wishes to subpoena have potentially admissible evidence concerning matters pertaining to his guilt and his punishment if convicted. Dkt. No. 769 at 4–5; *Nixon*, 418 U.S. at 699 (requiring preliminary showing that materials sought are likely to contain relevant and admissible evidence). In addition to the United States' own representations about information these non-party entities possess (*see* Dkt. Nos. 117, 123), Mr. Chavez showed that these entities have some exculpatory information about his alleged role as the leader of the criminal enterprise (Dkt. No. 758 at 6; Dkt. No. 761 at 6); that they have some exculpatory information about one or more of the 129 uncharged criminal acts (Dkt. No. 758 at 6; Dkt. No. 761 at 6–7); and that they have records of written or oral statements Mr. Chavez made that are relevant to the penalty phase (Dkt. No. 761 at 7). The Court also concluded that Mr. Chavez had established that he cannot obtain this evidence through Rule 16 discovery, as the United States has stated that the non-party entities are not part of the prosecution team or otherwise within the scope

of the United States' Rule 16 obligations. *See* Dkt. No. 758 at 6.

Despite this showing, the Court declined to authorize issuance of the subpoenas as drafted because the proposed document requests were not limited to the specific categories of information for which Mr. Chavez made the requisite showing of relevance and admissibility. Dkt. No. 769 at 5. The Court ordered Mr. Chavez to submit revised proposed subpoenas that addressed this problem. *Id.* Mr. Chavez has not yet submitted revised subpoenas, and in the interim, the United States sought reconsideration without waiting for the revisions.

In seeking reconsideration, the United States emphasizes that it has already requested from the non-party agencies much of the material Mr. Chavez seeks to obtain via subpoena and that it has produced all of this material to Mr. Chavez or his counsel, with the exception of materials concerning "insider" witnesses.[1] However, as before, the United States does not represent that its collection of relevant material from these agencies is complete, and it does not assume any collection, review, or disclosure obligations with respect to material in the agencies' possession. Mr. Chavez acknowledges the United States' recent production of this material, but he emphasizes that this production is incomplete. Dkt. No. 786 at 3.

The Court finds no basis to conclude that Mr. Chavez is attempting to use Rule 17(c) as an end run around Rule 16. Rather, Mr. Chavez is using Rule 17(c) because the complete evidence he seeks is available only from non-parties, not the United States. These circumstances distinguish this case from cases like *United States v. Fort*, where the material in question was in the possession of federal prosecutors, even though it had originated with local law enforcement. *See* 472 F.3d 1106, 1119–20 (9th Cir. 2007); *see also United States v. Etienne*, No. CR 17-00093 WHA, 2018 WL 6305614, at *3 (N.D. Cal. Dec. 2, 2018) ("Where, as here, the government disavows an agency relationship with local police for purposes of *Brady*, a narrowly directed and reasonable Rule 17 subpoena should be allowed. . . . Nor would the use of Rule 17(c) in such a manner — i.e., to obtain documents that have not made it into the hands of the federal government

---

[1] The United States advises that "insider" materials relate to individuals who are associates of Mr. Chavez or his co-defendants and who are likely to face violence or threats of violence if they are suspected of having cooperated with law enforcement. Dkt. No. 779 at 2.

3

— run afoul of Rule 16(a)(2) and our court of appeals' Rule 16 decision in [*Fort*]. Because both *Fort* and Rule 16 govern a defendant's right to obtain discovery from the government, a Rule 17 subpoena used to spot-check for documents not within the government's possession would clearly not apply.").

The United States argues that, to the extent Mr. Chavez seeks issuance of the subpoenas to obtain evidence relating to his defense against application of the death penalty, the subpoenas cannot satisfy the *Nixon* criteria because the United States has not made a final determination to seek the death penalty against him. Dkt. No. 779 at 3–4, 9–10. This argument is not persuasive. The United States has notified Mr. Chavez of its intent to seek the death penalty, and the presiding judge has set a case management schedule that contemplates the parties will be prepared to proceed to litigate that issue once the United States confirms its intent. *See* Dkt. No. 791 ¶¶ 39-44, 51, 55. The United States does not suggest it is likely to change its intent with respect to the penalty it seeks. Delaying the production of evidence relevant to the death penalty phase of this case risks upsetting the case management schedule, delaying the trial date, and burdening non-party agencies with multiple subpoenas. The Court declines to limit Mr. Chavez's Rule 17(c) subpoenas on this basis.

### B. Protection of Witnesses

The United States explains that its primary concern is that production of documents responsive to Mr. Chavez's subpoenas may reveal the identities of potential witnesses and subject them to harm or intimidation. Dkt. No. 779 at 4–5. The United States also argues that the subpoenas run afoul of Rule 17(h). Mr. Chavez responds that the United States has already produced statements from percipient witnesses without redactions pursuant to the protective order in this case, and the United States can have no concerns that implicate Mr. Chavez's subpoenas as to those witnesses. Mr. Chavez also argues that Rule 17(h) operates to prevent discovery only of statements made to and in the possession of the United States and not statements made to and in the possession of non-party agencies. Dkt. No. 786 at 8–9.

The Court first considers the United States' argument that Rule 17(h) prohibits a subpoena for witness statements in the possession of a non-party. Rule 17(h) states: "No party may

4

subpoena the statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." Fed. R. Crim. P. 17(h). Rule 26.2, in turn, controls the timing of production of prior statements of witnesses who will testify on behalf of the United States or the defendant. Fed. R. Crim. P. 26.2(a).

No appellate court appears to have considered whether Rule 17(h)'s prohibition against subpoenaing witness statements applies to statements that are not—and may never be—in the United States' possession, but only in the possession of non-parties. The district courts that have considered that question disagree. Several have concluded (expressly or implicitly) that Rule 17(h) only applies to witness statements in the possession of a party. *See, e.g.*, *United States v. Hussain*, No. 16-cr-00462-CRB, 2018 WL 1091083 at *2 (N.D. Cal. Feb. 28, 2018) (Rule 17(h) applies only to statements in the United States' possession); *United States v. Young*, No. 03-20400 BV, 2004 WL 784840 at *2 (W.D. Tenn. Mar. 4, 2004) (same); *United States v. Johnson*, No. 14–cr–00412–TEH, 2014 WL 6068089, at *3, 11 (N.D. Cal. Nov. 13, 2014) (rejecting United States' assertion of standing to quash based on risk to interagency cooperation, as that interest is recognized in a Rule 16 analysis and "which has no relevance in this case because the subpoenaed documents are not in the possession of the Government"; limiting subpoena to documents in possession of subpoenaed non-party but not in possession of the United States); *United States v. Perez*, No. ED CR 13-00087-(A)-VAP, 2014 WL 12697319, at *2 (C.D. Cal. May 14, 2014) (quashing only unsworn hearsay statements of witness, but permitting subpoena for her statements made during investigation of defendants and information about her role as police informant, where those materials were not in the United States' possession). Others have concluded (explicitly or implicitly) that Rule 17(h) applies to all witness statements from whatever source. *See, e.g.*, *United States v. Benanti*, No. 3:15-cr-177, 2017 WL 78734, at *3 (E.D. Tenn. Jan. 6, 2017) (denying request for subpoena of co-defendant's jail telephone recordings under Rule 17(h)); *United States v. Phoenix*, No. 5:14-cr-00318-LHK, 2015 WL 6094882, at *3 (N.D. Cal. Oct. 16, 2015) (Rule 17(h) bars use of a subpoena to obtain witness statements from parties or non-parties); *United States v. Yudong Zhu*, No. 13 Cr. 761, 2014 WL 5366107, at *3 n.3 (S.D.N.Y. Oct. 14, 2014) (rejecting defendant's argument that Rule 17(h) applies only to witness statements already

5

in the United States' possession).

The Court agrees with Mr. Chavez that Rule 17(h) should not be interpreted to prevent a party from subpoenaing witness statements in the possession of a non-party. As Judge Breyer explained in *Hussain*:

> Rule 17(h) was added in the 1979 amendments to the Criminal Rules, with the advisory committee noting that the addition was "necessary in light of proposed rule 26.2, which deals with the obtaining of statements of government witnesses and defense witnesses." The advisory committee's notes reflect an intention to make the rules coherent, not to change them. That is, they do not reflect an intention to make third-party witness statements undiscoverable[.]

2018 WL 1091083 at *2. The United States' suggestion that prior relevant statements of a witness that are not in its possession are simply "beyond the reach" of a defendant appears to be contrary to Rule 17's development, as summarized in *Hussain,* and inconsistent with the purpose Rules 17(h) and 26.2 serve—namely, the implementation of the Jencks Act, 18 U.S.C. § 3500. *See* Fed. R. Crim. P. 17(h), 26.2, advisory committee's notes to 1979 amendment ("S. 1437, 95th Cong., 1st Sess. (1977), would place in the criminal rules the substance of what is now 18 U.S.C. § 3500 (the Jencks Act)."). The Jencks Act forbids the production of statements or reports of the United States' witnesses until after those witnesses have testified. 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report *in the possession of the United States* which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.") (emphasis added). Rule 17(h)'s Jencks Act origin supports Mr. Chavez's argument that the rule prohibits only the compelled production of statements in the possession of the United States and not statements in the possession of non-party agencies.

The Court next considers the question of whether, regardless of the applicability of Rule 17(h), Mr. Chavez's Rule 17(c) subpoenas to non-party agencies should exclude statements of insider witnesses. The United States' interest in protecting witnesses from harm or intimidation is an interest the Court shares. To protect that interest, the presiding judge has already set a schedule

that does not require the United States to disclose insider materials until February 3, 2021. Dkt. No. 791 ¶ 52. The United States suggests that Mr. Chavez's subpoenas, if permitted to issue, should contain a specific instruction that responsive statements of insider witnesses and potential witnesses should not be produced. Dkt. No. 779 at 6. It is not clear, however, how Mr. Chavez could implement such an instruction in revising the subpoenas if the identities of the insider witnesses are not known to Mr. Chavez, his counsel, or any of the non-party agencies.

In view of these considerations, the Court believes that the best course is to require the non-party agencies to collect all documents, including insider witness statements, that are responsive to the proposed subpoenas. Those agencies may then produce the documents to the Court, pursuant to Rule 17(c)(1). Thereafter, the Court will consider, based on further input from the United States and Mr. Chavez, how best to identify materials that constitute insider information subject to delayed disclosure according to the operative pre-trial and trial scheduling order (Dkt. No. 791).

### C. United States' Standing to Challenge Issuance of Revised Subpoenas

The United States offers no persuasive reason for the Court to reconsider its decision that the two bases the United States previously cited to justify its standing to oppose Mr. Chavez's original motion—i.e., that the United States has an interest in ensuring compliance with the rules, and that it has an interest in protecting the spirit of cooperation with local law enforcement—do not support standing. Dkt. No. 769 at 3–4; Dkt. No. 779 at 5–7, 10–15. Rule 17(c) requires that Mr. Chavez make a motion to obtain court approval to serve a document subpoena. That requirement does not imply that the United States must necessarily have standing to oppose the motion. In fact, where a subpoena is directed to a non-party that is not part of the prosecution team, it is not at all surprising that the United States would have no standing to object. *See, e.g.*, *United States v. Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997) ("In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.") (citing cases).

However, as explained above, the United States has now articulated an interest in the

protection of insider witnesses that Mr. Chavez's proposed subpoenas implicate, and that interest is one that the United States has standing to protect. Accordingly, as described above, the Court will permit the United States to weigh in on the question of how best to protect the identities of insider witnesses.

## II. CONCLUSION

For the reasons described above, the Court declines to reconsider its prior decision: Mr. Chavez may serve subpoenas on the fifteen state and local agencies identified in the Court's November 12, 2019 order, so long as he describes the documents sought in items (1)-(3) of the proposed subpoenas with greater specificity. Mr. Chavez shall submit his revised proposed subpoenas to the Court for review and approval, with a proposed return date that permits a reasonable amount of time for compliance. The subpoenas shall specify that responsive documents shall be produced to the Court. Fed. R. Crim. P. 17(c)(1).

Upon further consideration, the Court concludes that the United States should be permitted, together with Mr. Chavez, to provide input to the Court regarding how best to identify materials that constitute insider information subject to the operative pre-trial and trial scheduling order.

Any party may object to this non-dispositive order pursuant to Rule 59(a) within 14 days. Failure to object waives a party's right to review.

**IT IS SO ORDERED.**

Dated: January 9, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge