United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHAVEZ, et al.,<br><br>Defendants. | Case No. 15-cr-00285-LHK-1 (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DANIEL CHAVEZ'S MOTION FOR ISSUANCE OF SUBPOENAS AT GOVERNMENT EXPENSE**<br><br>Re: Dkt. No. 803 |

On defendant Daniel Chavez's motion, and without objection from the United States, the Court previously ordered the issuance of subpoenas under Rule 17 of the Federal Rules of Criminal Procedure for (1) attendance and testimony to Salinas Police Department Officers Parker, Salinas, Magana, Knowlton, Reyes, and Sivertson,[1] and (2) documents to Officers Reyes and Sivertson. Dkt. Nos. 813, 816. The Court now considers Mr. Chavez's motion for issuance of a subpoena for documents to Officer Salinas and a subpoena for testimony and documents to the Salinas Police Department.

In view of the limited time remaining before the suppression hearing set for January 30, 2020 and Mr. Chavez's request for expedited treatment of his motion, the Court deems this matter suitable for decision without oral argument. For the reasons stated below, the Court grants in part and denies in part Mr. Chavez's request for issuance of a document subpoena directed to Officer Salinas, and denies in its entirety Mr. Chavez's request for issuance of a subpoena to the Salinas

---

[1] In his reply brief, Mr. Chavez states that he does not concur that the subpoena for testimony and documents to Officer Sivertson is unnecessary. Dkt. No. 814 at 7. Per the Court's earlier order, that subpoena shall issue and be served. Dkt. Nos. 813, 816.

Police Department.

## I. BACKGROUND

Mr. Chavez asks the Court to issue two subpoenas for testimony and documents for use in a hearing on his motion to suppress evidence seized during two probation searches of his residence. The first subpoena at issue is directed to Officer Salinas and seeks two categories of documents:

> 1) All dispatch reports, internal police call logs, etc., regarding the surveillance and search of Mr. Chavez's home on May 22, 2011.
>
> 2) Any report that you have which predates August 19, 2012, documenting any arrest of Benny Joe Rodriguez while Mr. Rodriguez was driving or riding in any vehicle.

Dkt. 803, Ex. A at ECF p. 9. The second subpoena at issue is directed to the Salinas Police Department as follows:

> [P]lease present the 'Person Most Knowledgeable' regarding the first date that anyone at the Salinas Police Department was in contact with any federal law enforcement entity (including without limitation the ATF, the FBI and the United States Attorney's Office) regarding any possible criminal charges against Daniel Chavez.

*Id.*, Ex. A at ECF p. 13. The second subpoena also seeks the following documents:

> Any document(s) confirming the date of the initial contact between anyone at the Salinas Police Department and any federal law enforcement entity (including without limitation the ATF, the FBI and the United States Attorney's Office) regarding any possible criminal charges against Daniel Chavez.

*Id.* The United States opposes issuance of these subpoenas. Dkt. No. 812.

The limited record before the Court on this Rule 17 motion and Mr. Chavez's prior Rule 17 motion (Dkt. No. 758) suggests that there is and has been substantial coordination and cooperation between the United States and the Salinas Police Department. *See, e.g.*, Dkt. No. 776 at 21:3–27:22, 33:10–35:25; Dkt No. 812 at 3, 7. However, the United States continues to assert that the Salinas Police Department is not part of the prosecution team, and that the United States has no obligation to search for and produce materials in the possession of the Salinas Police Department as part of its Rule 16 discovery obligations.

## II. DISCUSSION

### A. The Government's Standing

In connection with an earlier motion, this Court raised concerns about the United States' standing to challenge the issuance of a subpoena directed to a non-party. However, neither Mr. Chavez nor the United States addresses this issue in the opening briefs on Mr. Chavez's present motion. Instead, Mr. Chavez argues in his *reply* brief that the United States lacks standing to object to subpoenas directed to the Salinas Police Department or its officers. Dkt. No. 814 at 7–9. In so doing, Mr. Chavez exclusively relies on the Court's earlier decision, which addressed different subpoenas seeking information for a different purpose. *Id.* at 8 (citing Dkt. No. 801). However, it is not self-evident that the Court should reach the same conclusion here.

The Court is not aware of any basis on which the United States has standing to oppose issuance of subpoenas to non-party Salinas Police Department or its officers, and the United States has not asserted one. *See United States v. Johnson*, No. 14-cr-00412, 2014 WL 6068089, at *3 (N.D. Cal. Nov. 13, 2014) (discussing legitimate government interests that confer standing, and rejecting other purported interests that do not); *see also United States v. Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997) ("In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.") (citing cases). Nevertheless, the Court has an independent obligation to consider whether the proposed subpoenas meet the requirements of Rules 17(b) and (c) for testimony and documents.

### B. Rule 17(c) Subpoenas to Officer Salinas and Salinas Police Department

A Rule 17(c) subpoena may be used to obtain pretrial production of documents, including documents for use in a suppression hearing, when the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

3

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). In other words, the requested information must be relevant, admissible, and specifically described.

Although it is his burden to show that the document requests directed to Officer Salinas and the Salinas Police Department meet the *Nixon* requirements, Mr. Chavez provides no justification whatsoever for issuance of these two Rule 17(c) subpoenas in his opening brief. *See* Dkt. No. 803. In his reply brief, responding to the United States' objections, Mr. Chavez provides some additional justification for these document requests, although the effort falls short of addressing each of *Nixon*'s requirements. Dkt. No. 814. The Court addresses each document request separately.

First, Mr. Chavez says that the information sought in his first document request to Officer Salinas (for records regarding the surveillance and search of Mr. Chavez's residence on May 22, 2011) will permit him "to ascertain what documents exist" about that search, which is one of the searches Mr. Chavez challenges. Dkt. No. 814 at 10. "Dispatch records" (or so-called "CAD reports") and "internal police call logs" refer to specific and admissible documents that appear to be relevant to the matters at issue in the suppression hearing.[2] *See, e.g.*, Dkt. No. 771 at 3–4, 10–11 (challenging existence of probable cause for post-arrest, probationary search of Mr. Chavez's residence on May 22, 2011). The problem with Mr. Chavez's first document request is that his use of "etc." as a placeholder is not sufficiently specific to identify the other documents he seeks. Accordingly, the Court does not authorize issuance of a subpoena that includes this document request to Officer Salinas. Mr. Chavez may submit a revised document request that addresses the specificity problem for the Court's review and approval.

Second, Mr. Chavez provides very little support for his second document request to Officer Salinas (for pre-August 19, 2012 reports of any vehicle-related arrests of Benny Joe Rodriguez). Mr. Chavez says only that the United States has recently provided documents within the scope of this request that his counsel has not yet had time to review, and that he is entitled to documents that will permit him to determine whether these recently produced documents are the only ones

---

[2] The United States identifies an additional category of records that might exist for a search like the one on May 22, 2011: "recordings of radio traffic." Dkt. No. 812 at 3.

regarding Mr. Rodriguez's presence in a vehicle prior to the August 19, 2012 search of Mr. Chavez's residence. Dkt. No. 814 at 10–11. The Court infers from Mr. Chavez's motion to suppress that he believes that the United States' justification for the August 19, 2012 search—i.e., that Mr. Rodriguez, a gang member, was known to be driver of the vehicle parked at Mr. Chavez's house on that date—is mere pretext, and that the Salinas Police Department did not have information connecting Mr. Rodriguez to the car before August 19, 2012. *See, e.g.*, Dkt. No. 797 at 5. The United States represents that the Salinas Police Department has documents within the scope of this request. *See* Dkt. No. 812 at 8. The documents the United States describes appear to be relevant and admissible to the issues raised in Mr. Chavez's suppression motion, and, unlike the first document request to Officer Salinas, the documents in the second request are specifically described. Accordingly, the Court authorizes issuance of a subpoena that includes this document request to Officer Salinas.

Third, Mr. Chavez says that the information sought in his document request to the Salinas Police Department (for documents confirming the date of the first contact between the department and federal law enforcement) is relevant to the question of whether the Salinas Police Department and its officers knew in advance that their searches of Mr. Chavez's residence would be used in a federal prosecution. Dkt. No. 814 at 9. However, Mr. Chavez also says that he already has a document reflecting contact between the Salinas Police Department and the FBI "which dates long before the events at issue herein." *Id.* He goes on to describe why he wishes to serve a subpoena for documents evidencing a "first contact" as follows:

> Counsel for Mr. Chavez seek to determine if the Salinas Police Department will respond truthfully to this request by producing either [the document Chavez already has] or one showing an even earlier date of contact. If the Salinas Police Department asserts a date of first contact with federal law enforcement which is after the date of which counsel is aware – and can prove – that will document that they have not complied in good faith with this Court's subpoena.

*Id.* Essentially, Mr. Chavez wishes to see if he can catch the Salinas Police Department in a lie, or at least in a failure of diligence. The Court fails to see how this endeavor is relevant to any matter at issue in the suppression hearing. Moreover, as a general matter, a Rule 17(c) subpoena may not

5

be used to obtain impeachment material. *See Johnson*, 2014 WL 6068089, at *2 (citing *Nixon*). The Court does not authorize issuance of a subpoena that includes the document request directed to the Salinas Police Department.

### C. Rule 17(b) Subpoena to Salinas Police Department

Rule 17(b) governs subpoenas seeking to compel the testimony of witnesses. The rule requires that Mr. Chavez demonstrate both an inability to pay the witness's fees and the necessity of the witness's presence at the suppression hearing. Fed. R. Crim. P. 17(b). There is no dispute about Mr. Chavez's inability to pay. Regarding whether a "person most knowledgeable" about the Salinas Police Department's first contact with federal law enforcement is a necessary witness, Mr. Chavez relies on the same justification offered to support his corresponding document request to the Department. For the reasons described above, the Court concludes that Mr. Chavez has not demonstrated that the testimony of such a witness is necessary for purposes of the suppression hearing. Accordingly, the Court does not authorize issuance of a subpoena for testimony of a "person most knowledgeable" on behalf of the Salinas Police Department.

## III. CONCLUSION

As described above, the Court grants Mr. Chavez's request for issuance of a subpoena to Officer Salinas containing the second document request. The Court denies Mr. Chavez's request for issuance of a subpoena to Officer Salinas containing the first document request, without prejudice to his resubmission of a request that addresses the specificity issue identified in this order. The Court denies in its entirety Mr. Chavez's request for issuance of a subpoena for testimony or documents directed to the Salinas Police Department and its "person most knowledgeable."

**IT IS SO ORDERED.**

Dated: January 23, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge