UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHAVEZ, et al.,<br><br>Defendants. | Case No. 15-CR-00285-LHK-1<br><br>**ORDER GRANTING UNITED STATES' DAUBERT MOTION REGARDING DEFENSE WITNESS JEFFREY SCOTT NEUSCHATZ**<br><br>Re: Dkt. No. 939 |

On September 10, 2021, the United States of America ("the government") moved to exclude the expert testimony of Professor Jeffrey Scott Neuschatz, a defense expert witness. ECF No. 939 ("Mot."). Defendant Daniel Chavez filed an opposition on October 1, 2021. ECF No. 954 ("Opp'n"). The government filed a reply on October 15, 2021. ECF No. 962 ("Reply"). Having considered the filings of the parties, the relevant law, and the record in this case, the Court GRANTS the government's motion to exclude the testimony of Professor Neuschatz.

Defendant seeks to introduce the testimony of Professor Neuschatz on the general credibility of cooperating witnesses and incentivized informants (collectively, "incentivized witnesses"). Opp'n at 6. The government argues Professor Neuschatz's testimony is not proper expert testimony because it opines on a lay issue squarely within the province of the jury—witness

1

credibility. Mot. at 4-8. Thus, according to the government, Professor Neuschatz's testimony does not satisfy the requirements of Federal Rule of Evidence 702, which governs admission of expert testimony. *Id.* The Court agrees.

Witnesses credibility is the sole province of the jury, as demonstrated by the Ninth Circuit Model Criminal Jury Instruction 4.9. Model Instruction 4.9 specifically instructs juries how to assess the credibility of a witness who is incentivized by "benefits," "compensation," or "favored treatment" from the government. *See* Ninth Circuit Model Criminal Jury Instruction 4.9. Specifically, Model Instruction 4.9 cautions the jury that "in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses." *Id.* Moreover, the Ninth Circuit has repeatedly emphasized that witness credibility is the sole province of the jury. *See United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir. 1977) ("[T]he exclusive function of the jury is to weigh the credibility of witnesses."); *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("The jury must decide a witness' credibility.").

Professor Neuschatz's testimony fails to satisfy the requirements of Federal Rule of Evidence 702, which provides in part, that an expert witness may testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). To be admissible, expert testimony must address "an issue beyond the common knowledge of the average layperson." *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (cleaned up). However, as discussed above, determining the credibility of a witness is squarely within the common knowledge of the average layperson because "the jury is the lie detector in the courtroom." *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973).

Here, Defendant seeks to have Professor Neuschatz testify as an expert on a lay issue that is *not* beyond the common knowledge of the average layperson. Because Professor Neuchatz's expert testimony on the general credibility of incentivized witnesses would invade the province of

2

1  the jury, it cannot qualify as expert testimony. *See Candoli*, 870 F.2d at 506 ("An expert witness

2  is not permitted to testify specifically to a witness' credibility . . . ."); *see also United States v.*

3  *Ancrum,* 161 F. App'x 258 (4th Cir. 2006) ("Providing unreliable testimony in exchange for a

4  lesser sentence is a topic which is 'within the common knowledge of the jurors.'" (quoting *United*

5  *States v. Harris*, 995 F.2d 532, 534 (4th Cir.1993)); *United States v. Lagrone*, No. 4:17-CR-

6  00264-O, 2018 WL 10447060, at *3–4 (N.D. Tex. Mar. 25, 2018) (finding expert testimony about

7  informant witnesses propensity to fabricate testimony "invades the province of the jury in

8  determining the credibility of witnesses"). Accordingly, Professor Neuchatz's testimony is

9  unhelpful and does not satisfy the requirements of Federal Rule of Evidence 702. *See Ancrum,*

10  161 F. App'x at 259 (finding expert testimony about cooperating witness motivations unhelpful

11  under Rule 702); *Lagrone*, 2018 WL 10447060, at *3–4 (same). As a result, *no* court has allowed

12  expert testimony about the credibility of incentivized witnesses. Opp'n at 8.

13  In fact, a district court previously excluded the same testimony by Professor Neuschatz

14  that Defendant seeks to introduce in the instant case. In *United States v. Benedict*, the district

15  court found that Professor Neuschatz's testimony about "the evidence of cooperating witnesses"

16  would not be helpful to the jury and did not satisfy the requirements of Federal Rule of Evidence

17  702. No. 13–CR–150 (SRN/FLN), 2013 WL 6500120, at *2-3 (D. Minn. Dec. 11, 2013). The

18  Eighth Circuit affirmed, concluding that Professor Neuschatz's testimony was nothing more than

19  "a thinly veiled comment on a witness' credibility." *United States v. Benedict*, 855 F.3d 880, 885

20  (8th Cir. 2017).

21  Because no court has previously allowed this type of expert testimony, Defendant relies on

22  inapposite cases about child sex abuse victims, *United States v. Lukashov*, 694 F.3d 1107 (9th Cir.

23  2012), perpetrators of child sex abuse, *United States v. Halamek*, 4 F.4th 1081 (9th Cir. 2021),

24  eyewitness identification, *United States v. Valencia-Cortez*, 769 F. App'x 419 (9th Cir. 2019), and

25  false confessions, *United States v. Hall*, 93 F.3d 1337 (7th Cir. 1996). Opp'n at 8-12. However,

26  the cases Defendant cites, unlike the instant case, involve testimony that requires scientific,

27  technical, or other specialized knowledge. *See Hanna*, 293 F.3d at 1086 (under Federal Rule of

28

3
Case No. 15-CR-00285-LHK-1
ORDER GRANTING THE GOVERNMENT'S DAUBERT MOTION TO EXCLUDE PROFESSOR NEUSCHATZ

Evidence 702 expert testimony must be on "an issue beyond the common knowledge of the average layperson."). In contrast, Professor Neuschatz's testimony, as discussed above, falls squarely within the common knowledge of the average layperson. Accordingly, Defendant's cases are unpersuasive.

For these reasons, the Court GRANTS the government's *Daubert* motion to exclude Professor Neuschatz's testimony.

**IT IS SO ORDERED.**

Dated: December 7, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge